IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LOKESH BABU VUYYURU,                )
                                    )
                Plaintiff,          )
                                    )
v.                                  )        Civil Action No. 3:15CV598–HEH
                                    )
WELLS FARGO BANK, N.A., *et al.*,   )
                                    )
                Defendants.         )

**MEMORANDUM OPINION**
**(Motion to Reopen)**

THIS MATTER is before the Court on *pro se* Plaintiff Lokesh Babu Vuyyuru's

("Plaintiff") Motion to Reopen (ECF No. 6), filed on April 7, 2016. Plaintiff moves this

Court "to reopen this case since [he] is filing this motion to vacate the ruling for further

proceedings to continue [his] case" against Defendants Wells Fargo Bank, National

Association ("Wells Fargo")[1] and Ocwen Loan Servicing, LLC ("Ocwen") (collectively

"Defendants"). For the reasons set forth below, the Court will deny in part and grant in

part Plaintiff's Motion.

On October 6, 2015, Plaintiff filed his original, forty-page Complaint, alleging

various common law and statutory counts and requesting declaratory and injunctive

relief. On October 27, 2015, Defendants moved to dismiss Plaintiff's Complaint in its

entirety. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and Local Rule

---

[1] In moving to dismiss Plaintiff's Complaint, Wells Fargo noted that Plaintiff erroneously named Wells Fargo Bank, N.A. d/b/a Option One Mortgage as a Defendant in his Complaint. Wells Fargo proceeds "as Trustee for Option One Mortgage Loan Trust 2003-4, Asset-Backed Certificates, Series 2003-4" in this matter. (Defs.' Mem. Supp. Mot. Dismiss 1, ECF No. 3.)

7, Defendants provided the required notice to Plaintiff that he had twenty-one days to respond and the Court could dismiss his suit should he not respond. Plaintiff failed to file any response.

By Order (ECF No. 5) and Memorandum Opinion (ECF No. 4), this Court granted Defendants' Motion to Dismiss. The Court dismissed with prejudice Plaintiff's claim pursuant to Virginia Code § 6.2-1629 and denied any request for preliminary injunctive relief to the extent Plaintiff sought it. The Court dismissed without prejudice Plaintiff's claims for breach of contract and fraud, for violations of the Virginia Consumer Protection Act, the Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act, as well as his request for declaratory relief. The Court notified Plaintiff that he was free to amplify the factual and legal basis on which those claims rested and refile, as well as that Plaintiff had thirty days to note any appeal.

Plaintiff now asks this Court to reopen his case pursuant to Federal Rule of Civil Procedure 60. He claims that upon filing his case, he never served Defendants, and when contacted by the Clerk's office about doing so, Plaintiff relayed that he would "serve them at a later time." (Mot. Reopen ("Pl.'s Mot.") 2.) Plaintiff also sent via Federal Express a copy of the Complaint to Defendant Ocwen. (Defs.' Opp'n Pl.'s Mot. Reopen Case 2, ECF No. 7.) Plaintiff claims that he told the registered agent of his "intent to continue [the] action just putting on notice." (Pl.'s Mot. 2.) Plaintiff asserts an attorney for Defendant Ocwen filed the response to Plaintiff's Complaint and claimed to have sent it to Plaintiff's address, but Plaintiff avers he never received it. (*Id.* at 3.)

Federal Rule of Civil Procedure 60(b) allows for a court to relieve a party from a final judgment, order, or proceeding.[2] A court may grant relief pursuant to the Rule for six enumerated reasons: (1) mistake or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) judgment is void; (5) judgment has been satisfied, discharged, or released; (6) any other reason justifying relief. Plaintiff purports to bring his motion "pursuant to Rule 60(b)(5)(6)." (Pl.'s Mot. 1.) Thus, it appears Plaintiff seeks to reopen this matter pursuant to either subsection (5) or (6). The Court addresses each in turn.[3]

Rule 60(b)(5) allows a court to relieve a party from a final judgment, order, or proceeding if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Here, Plaintiff bases his argument on the premise that this Court should never have proceeded because he opted not to serve all Defendants upon filing of his Complaint. He also baldly claims that he never received Defendants' Motion to Dismiss, even though Defendants provided proof of delivery to Plaintiff's address.

---

[2] A moving party must meet three preconditions before obtaining relief pursuant to Rule 60(b). The moving party must make a timely motion, detail a meritorious defense to the action, and show no prejudice to the opposing party. *See Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993). Once a moving party has satisfied the threshold requirements, a court then turns to the merits of the motion. *See id.* at 266. Although Plaintiff fails to address any precondition in his Motion, the Court will assume without deciding for the purposes of Plaintiff's Motion that he has met each.

[3] To the extent Plaintiff sought relief pursuant to subsections (1) through (4), Plaintiff fails to show mistake or excusable neglect. He provides no newly discovered evidence. Nothing indicates Defendants participated in fraud, misrepresentation, or misconduct. Plaintiff makes no showing the judgment is void. Accordingly, even if construing Plaintiff's filing as a *pro se* litigant liberally would require this Court to analyze those subsections, Plaintiff's Motion fails on those grounds.

Accordingly, Plaintiff neither demonstrates that the judgment has been satisfied, released, or discharged, nor asserts an earlier judgment served as the basis for dismissal of his claims. He fails to show that applying the judgment prospectively would no longer be equitable.

Rule 60(b)(6) is a "catch-all phrase" allowing the Court to afford relief for any other justifiable reason. *Nat'l Credit Union Admin. Bd.*, 1 F.3d at 266. Although broadly sweeping, the Fourth Circuit has counseled Rule 60(b)'s remedy should only be invoked in exceptional circumstances. *Id.* (quoting *Compton v. Alton Steamship Co.*, 608 F.2d 96, 102 (4th Cir. 1979)). As noted above, Plaintiff asks to reopen this case because he decided that although he provided Defendants' agent with a copy of his Complaint, he did not want to serve Defendants formally upon filing his Complaint. No exceptional circumstance exists warranting relief pursuant to Rule 60(b)(6). Accordingly, Plaintiff fails to establish that Rule 60 affords him relief in this matter.

Although Plaintiff fails to show that this Court should grant his requested relief pursuant to Rule 60, Plaintiff does "respectfully request that the court reopen this case, and allow [P]laintiff [to] proceed with the filing of her [sic] motion to vacate under this case number, and without the need for filing a new and separate case." (Pl.'s Mot. 4.) Construing Plaintiff's filing broadly, *see Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006), as best the Court can discern, Plaintiff seeks to continue to pursue his case under this case number without having to institute a new action.

Although the Court previously dismissed a portion of Plaintiff's Complaint with prejudice, the Court dismissed the majority of Plaintiff's counts without prejudice

4

because Plaintiff failed to meet pleading requirements set forth in the Federal Rules.

(Mem. Op. 14—15.)  With respect to the claims dismissed without prejudice, the Court

notified Plaintiff that he was "free to amplify the factual and legal basis on which [those]

claims rest[ed] and refile his claims." (*Id.*)  Accordingly, to the extent Plaintiff's Motion

seeks permission to file an amended complaint for those claims in this case, the Court

will grant the Motion. *See Goode v. Cent. Va. Legal Aid Soc'y*, 807 F.3d 619, 630 (4th

Cir. 2015) (remanding with instructions to allow *pro se* party to file amended complaint

where grounds for dismissal did not clearly preclude amendment).

Accordingly, for the reasons set forth above, the Court will deny in part and will

grant in part Plaintiff's Motion to Reopen (ECF No. 6).  The Court will deny the Motion

for relief sought pursuant to Rule 60.  The Court will grant the Motion to the extent

Plaintiff seeks to file an amended complaint.  Should Plaintiff wish to file an amended

complaint, the Court will order Plaintiff to file it within thirty (30) days.  Upon

submission, the Court will direct the Clerk to reopen the case on this Court's docket.

The Court reminds Plaintiff that although he proceeds *pro se*, he still must comply

with this Court's Local Rules.  Local Civil Rule 83.1(M) requires that a *pro se* party shall

certify in writing and under penalty of perjury that any document filed with the Court has

not been prepared by, or with the aid of, an attorney.  E.D. Va. Loc. R. 83.1(M).  If,

however, an attorney has prepared or assisted in preparing the document, the *pro se* party

must identify that attorney in the certification.  *Id.*  Any attorney who prepares a

document that is filed for a person who is either known by the attorney, or reasonably

expected by the attorney, to be proceeding *pro se*, shall be considered to have entered an

appearance in the proceeding in which such document is filed and subject to all rules

governing attorneys who have formally appeared in the proceeding. *Id.*

    An appropriate Order will accompany this Memorandum Opinion.


                                            /s/
                                    Henry E. Hudson
                                    United States District Judge

Date:  May 19 2016
Richmond, Virginia